**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., | ) | |
| on behalf of itself and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 12 CV 4271 |
| | ) | |
| v. | ) | |
| | ) | Honorable Judge Bucklo |
| SHAFER ENTERPRISES, LLC, | ) | Magistrate Judge Valdez |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Glen Ellyn Pharmacy, Inc., brings this action to secure redress for

the actions of defendant Shafer Enterprises, LLC, in sending or causing the sending of

unsolicited advertisements to telephone facsimile machines in violation of the Telephone

Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS

505/2 ("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax

advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the

use of its fax machine.  The recipient also wastes valuable time it would have spent on something

else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause

wear and tear on fax machines, and require labor to attempt to identify the source and purpose of

the unsolicited faxes.

1

## PARTIES

3.      Plaintiff Glen Ellyn Pharmacy, Inc., is an Illinois corporation with offices in Glen Ellyn, Illinois, where it maintains telephone facsimile equipment.

4.      Defendant Shafer Enterprises, LLC,  is a Georgia limited liability company with an office located at 170 Andrew Drive, Stockbridge, Georgia 30281.

5.      Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

7.      This Court also has jurisdiction under 28 U.S.C. §§1332(d) (Class Action Fairness Act).  Defendant is of diverse citizenship to plaintiff.  On information and belief, based on the economics of junk faxing, the number of class members exceeds 100.  On information and belief, based on the economics of junk faxing and the apparent target audience of the faxes, the total amount in controversy, on a classwide basis, exceeds $5 million. (At $1500 per fax, this is satisfied if  more than 3,334 faxes were sent; since at the typical rates charged for fax advertising, this would only cost $50 to $100, it makes little or no sense to send fewer faxes.)

8.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

        a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

        b.      Have transacted business in Illinois.

2

9.      Venue in this District is proper for the same reason.

## FACTS

10.     On February 7, 2012, plaintiff Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

11.     Discovery may reveal the transmission of additional faxes as well.

12.     Defendant Shafer Enterprises, LLC, is responsible for sending or causing the sending of the faxes.

13.     Defendant Shafer Enterprises, LLC, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

14.     Defendant Shafer Enterprises, LLC, either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

15.     Each fax refers to a website used by defendant Shafer Enterprises, LLC.

16.     Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

17.     The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

18.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

19.     On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

20.     There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be

3

left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

21.     Plaintiff incorporates ¶¶ 1-20.

22.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

23.     The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

> **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

24.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

25.     Plaintiff and each class member is entitled to statutory damages.

26.     Defendants violated the TCPA even if their actions were only negligent.

4

27.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

28.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant Shafer Enterprises, LLC, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Shafer Enterprises, LLC, promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

29.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

30.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

    a.      Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b.      The manner in which defendants compiled or obtained their list of fax numbers;

    c.      Whether defendants thereby violated the TCPA;

    d.      Whether defendants thereby engaged in unfair  acts and practices, in violation of the ICFA.

5

       e.      Whether defendants thereby converted the property of plaintiff.

31.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

32.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

33.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

34.     Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D. Ill. May 27, 2008); Green v. Service Master on Location Services Corp., 07 C 4705, 2009 U.S. Dist. LEXIS 53297 (N.D. Ill. June 22, 2009); CE Design v. Beaty Construction, Inc., 07 C 3340, 2009 U.S. Dist. LEXIS 5842 (N.D. Ill. Jan. 26, 2009); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D. Ill. April 7, 2008); G.M. Sign, Inc. v. Group C Communs., Inc., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd., 679 F.Supp.2d 894 (N.D. Ill. 2010); Holtzman v. Turza, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D. Ill. Oct. 14, 2009); G.M. Sign, Inc. v. Finish Thompson, Inc., 07 C 5953, 2009 U.S. Dist. LEXIS 73869 (N.D. Ill. Aug. 20, 2009); CE Design v. Cy's Crabhouse North, Inc., 259 F.R.D. 135 (N.D. Ill. 2009).

35.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.      Actual damages;

b.      Statutory damages;

c.      An injunction against the further transmission of unsolicited fax advertising;

d.      Costs of suit;

e.      Such other or further relief as the Court deems just and proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

7

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26685\Pleading\First Amended Complaint_Pleading.WPD

## <u>CERTIFICATE OF SERVICE</u>

       I, Daniel A. Edelman, certify that on August 1, 2012, I caused a true and accurate copy of the foregoing document to be sent via Court's CM/ECF system to the parties listed below:

                    Neil E. Holmen
                    Ryan Jason Rodman
                    David E. Walker
                    Walker Wilcox Matousek LLP
                    One North Franklin Street
                    Suite 3200
                    Chicago, IL 60606
                    (312) 244-6700
                    nholmen@wwmlawyers.com
                    rrodman@wwmlawyers.com
                    dwalker@wwmlawyers.com

                                      s/ Daniel A. Edelman
                                    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)